```
               IN THE UNITED STATES DISTRICT COURT
              FOR THE MIDDLE DISTRICT OF GEORGIA
                       COLUMBUS DIVISION

STATE AUTO PROPERTY AND          *
CASUALTY COMPANY,
                                 *
     Plaintiff,
                                 *
vs.                                     CASE NO. 4:11-CV-14 (CDL)
                                 *
FRANK GRIFFIN, KAREN GRIFFIN
and RACHEL GRIFFIN,              *

     Defendants.                 *
```

O R D E R

This action is the second declaratory judgment action filed by State Auto Property and Casualty Company ("State Auto") arising from Rachel Griffin's collisions with cyclists Matthew Scott Matty and Michael Davis. Matty died as a result of his injuries suffered in the collisions, and Davis suffered serious personal injuries. At the time of the collisions, State Auto insured Rachel Griffin and her parents, Frank and Karen Griffin. In the first declaratory judgment action, State Auto sought a declaration that the two collisions should be considered one accident under the Griffin's insurance policy, and therefore, the total policy limits available for both personal injury liability claims was $100,000. State Auto lost that action, and it has been determined that there were two accidents with $100,000 personal injury liability limits available for each

claim.  In this second action, State Auto seeks a declaration that it did not act in bad faith in addressing the settlement demands related to the collisions.  Specifically, State Auto contends that its initial decision to pay $100,000 into the registry of the Court pursuant to its first declaratory judgment/interpleader action and its subsequent payment of an additional $100,000 into the registry of the Court upon a determination that two accidents occurred negate any bad faith that would be required to hold State Auto legally responsible for any liability arising from these two accidents in excess of the $200,000 that it has paid into the registry of the Court.

During discovery in this second declaratory judgment action, State Auto sent subpoenas to the attorneys who represented Matty and Davis in the first declaratory judgment action, seeking correspondence regarding that action between the attorneys for Matty and Davis.  State Auto seeks the documents in an attempt to discover evidence that the attorneys colluded to "set up" State Auto for a bad faith claim.  The attorneys for Matty and Davis filed a motion to quash the subpoenas, claiming that the subpoenas seek work product that was produced during a joint and common defense arrangement.  The attorneys have produced the responsive documents, which they claim are privileged, for in camera inspection.  Having reviewed the documents, the Court finds that they are not relevant to the

2

issues to be decided in this present declaratory judgment action. For that reason, the subpoenas are quashed.

## DISCUSSION

The issue presented in this declaratory judgment action is whether State Auto acted in bad faith when it failed to settle the underlying claims of Matty and Davis within its insureds' liability policy limits. *See Southern Gen. Ins. Co. v. Holt,* 262 Ga. 267, 268, 416 S.E.2d 275, 276 (1992) ("An insurance company may be liable for damages to its insured for failing to settle the claim of an injured person where the insurer is guilty of negligence, fraud, or bad faith in failing to compromise the claim."). To determine whether an insurer engaged in bad faith in its handling of a claim, the standard applied by the Court (and by the factfinder if a genuine factual dispute exists) is whether "the insurer, in view of the existing circumstances, has accorded the insured 'the same faithful consideration it gives its own interest.'" *Id.* at 269, 416 S.E.2d at 276 (quoting *Great Am. Ins. Co. v. Exum,* 123 Ga. App. 515, 519, 181 S.E.2d 704, 707 (1971)). "[W]hen the [insurance] company has knowledge of clear liability and special damages exceeding the policy limits," the issue is "whether the insurer acted unreasonably in declining to accept a time-limited settlement offer." *Id.*

It is clear that the focus in a bad faith failure to settle claim is on the conduct of the insurance company.  Consequently, the Court cannot conceive of how correspondence between counsel for the injured parties who obtained judgments in excess of the insured's policy limits could be relevant to a subsequent bad faith failure to settle claim against the insurance company by its insured.  State Auto suggests that such evidence may be relevant based on the following dicta from the Georgia Supreme Court's opinion in *Holt*, which quoted a federal district court judge from the district of Oregon as follows:

> Nothing in this decision is intended to lay down a rule of law that would mean that a plaintiff's attorney under similar circumstances could "set up" an insurer for an excess judgment merely by offering to settle within the policy limits and by imposing an unreasonably short time within which the offer would remain open.

Pl.'s Reply to Defs.' Mot. to Quash Subpoenas to Non-Parties 6-7, ECF No. 31 (quoting *Holt*, 262 Ga. at 269, 416 S.E.2d at 276 (quoting *Grumbling v. Medallion Ins. Co,* 392 F. Supp. 717, 721 (D. Or. 1975))).  Based on this dicta, State Auto argues that "[c]ollaboration among counsel for [Matty, Davis, and the Griffins] to 'set up' a bad faith case is the subject of legitimate discovery."  Pl.'s Reply to Defs.' Mot. to Quash Subpoenas to Non-Parties 11.  The Court interprets *Holt* differently.

As previously noted, the issue for determination in a bad faith failure to settle action is whether the conduct of the insurance company, under all of the relevant circumstances, demonstrates that it acted in bad faith in its handling of the claims presented to it. An indicator of that bad faith is the extent to which the insurer favored its own interest over the interest of its insured. The *Holt* dicta, quoting the federal district judge from Oregon, does not indicate that the motivation of the insured's counsel is pertinent to the resolution of this issue. It simply indicates that the imposition of an unreasonably short time within which an offer to settle would remain open is a relevant factor in evaluating whether the insurance company acted unreasonably in failing to accept such an offer. The Court does not understand how the insured's motivation has any bearing on whether the insurance company responded properly. Of course, *the result* of that motivation, such as an unreasonably short deadline, may be relevant. It is relevant not because the insured or its counsel was attempting to "set up" the insurance company but because the amount of time that the insurance company was given to respond to an offer of settlement goes directly to the insurance company's conduct and the constraints on its ability to respond. The Court is unpersuaded that the *Holt* "set up" dicta means that the subjective intent of the parties or their attorneys has any

5

relevance to the determination of bad faith on the part of the insurance company. Even if the attorneys for Matty and Davis did have the subjective intent to "set up" State Auto for a bad faith claim, their intent simply is not relevant to whether State Auto's response was in bad faith. State Auto has pointed the Court to no holding of any Georgia appellate court that supports State Auto's "set up" theory. Moreover, the Court does not find the authority relied on by State Auto to be persuasive on the point for which State Auto relies on it.[1] If State Auto wishes to plow new ground, it will have to wait until the case gets to the Eleventh Circuit, at which time the Court of Appeals may have the opportunity to refer the question to the Georgia Supreme Court.[2]

CONCLUSION

Because the documents that State Auto seeks through its subpoenas are not relevant and are not reasonably calculated to

---

[1] Under State Auto's theory, if a lawyer for an insured drafted a letter consistent with *Holt* and part of his motivation in doing so was his hope that it would be rejected so that he could pursue a bad faith claim, then his motivation would be relevant in evaluating whether the insurance company acted in bad faith. The Court is convinced that the Georgia Supreme Court never envisioned that its quotation of a federal judge's dicta would ever be carried to this extreme.

[2] This Court recognizes that it has the authority to certify the question to the Georgia Supreme Court, but it finds the resolution of the issue to be so clear, even as a matter of first impression, that referral to the Georgia Supreme Court would be a waste of that Court's limited time and resources and would unnecessarily delay the disposition of this action.

6

lead to the discovery of admissible evidence, the Motion to Quash those subpoenas (ECF No. 26) is granted.

IT IS SO ORDERED, this 29th day of May, 2012.

                                          S/Clay D. Land
                                              CLAY D. LAND
                                  UNITED STATES DISTRICT JUDGE